**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cr-154** |
| | ) | **ENTERED UNDER SEAL** |
| **KEVIN PATRICK MALLORY,** | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the Court on the government's Motion for a Particularized § 5(a) CIPA Notice and Request for a Hearing. (Doc. 69).

A brief summary of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, provides relevant context for resolution of this issue. CIPA § 5(a), provides that "[i]f a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant," the defendant must provide the court and the government with "a brief description" of the classified information at issue. *Id.* After the defense files this § 5(a) notice, the government can request a hearing pursuant to § 6(a) to "make all determinations concerning the use, relevance or admissibility of this classified information that would otherwise me made during the trial or pretrial proceeding." *Id.* § 6(a).

Defendant here filed a CIPA § 5(a) notice on December 15, 2017. That notice identified several categories of evidence containing classified information that defendant intends to use at trial, including Item 10, a report from the Defense Intelligence Agency's Office of the Inspector General ("OIG"), Item 12, evidence from a Samsung Galaxy Phone, and testimony of various

witnesses. Although the notice identified the report, the phone, and two of the proposed witnesses, defendant failed to identify with sufficient specificity the particular items of classified information defendant plans to introduce at trial. Courts have routinely recognized that a § 5(a) notice "must be particularized, setting forth specifically the classified information which the defendant reasonably believes to be necessary to his defense." *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983). Specificity in the § 5(a) notice is central to the success of, and provides the necessary focus for, the subsequent section § 6(a) hearing. *See id.* (noting that § 5(a) and § 6(a) response "serve[] to limit the issues and make the procedures under Section 6 to the point and manageable"). Without sufficient specificity and focus, it is difficult to achieve the purpose of the § 6(a) hearing, namely to make determinations as to the relevance or admissibility of each item of classified information.

Defendant relies on *United States v. Zettl*, 835 F.2d 1059 (4th Cir. 1987) to argue that a § 5(a) notice can refer to whole documents, and not parts thereof, but this mischaracterizes the reasoning in *Zettl*. The *Zettl* court, far from accepting the defendant's § 5(a) notice whole cloth, noted that any error in the notice was "corrected by the detailed manner in which the district court conducted the section 6(a) hearings[.]" *Zettl*, 835 F.2d at 1065. This detailed process required multiple days of hearings and "dozens or hundreds" of individual rulings, all of which could have been avoided had the defendant been more specific in his § 5(a) notice. *Id.* at 1065.

Defendant also relies unpersuasively on *United States v. Pointexter*, 725 F. Supp. 13 (D.D.C. 1989) in support of his argument that he need not specify witnesses "who will disclose [classified information] as a part of any particular testimony." *Id.* at 33. The discussion in that case is inapposite because the court there was considering the constitutionality of CIPA and in particular whether CIPA "requires [the defendant] to divulge to the government what classified

information he may *personally* testify to at trial." *Id.* By contrast, here the government is not trying to discover whether the defendant is planning to testify, but rather is trying to learn whether the defendant plans on calling other members of the intelligence community, the fact of whose employment might be classified.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant is directed to file a supplemental § 5(a) CIPA notice providing the requisite particularity with respect to Items 10 and 12, and classified, testimonial evidence by **Monday, February 12, 2018.**

It is further **ORDERED** that the § 6(a) hearing currently scheduled for Friday, February 16, 2018 at 1:00 p.m. will be moved to **Friday, February 23, 2018 at 1:00 p.m.** The government should file any § 6(b) notice by **Monday, February 19, 2018**.

It is further **ORDERED** that the § 6(c) hearing currently scheduled for Friday, February 23, 2018 at 1:00 p.m. will be moved to **Friday, March 9, 2018 at 1:00 p.m.**, and any written pleadings pertaining to the § 6(c) hearing must be filed at least five (5) days in advance of the hearing.

It is further **ORDERED** that the motions hearing currently scheduled for Friday, March 9, 2018 is rescheduled to **Friday, March 16, 2018 at 1:00 p.m.**

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
February 5, 2018

T. S. Ellis, III
United States District Judge