IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:17-CR-00154 (TSE) |
| | ) | |
| KEVIN PATRICK MALLORY, | ) | |
| | ) | |
| Defendant | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
BILL OF PARTICULARS

In his motion for a bill of particulars, the Defendant requests that the government specify "which classified discovery relates to the national defense information alleged in the indictment." Dkt. No. 88 at 2. The government hereby responds to that motion and provides further detail as to information previously provided to the defense.

Under Federal Rule of Criminal Procedure 7(f), the court "may direct the government to file a bill of particulars." The function of a bill of particulars is to provide any *essential* detail omitted from the indictment. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (emphasis added). "A bill of particulars should be required only where the charges in the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). Indeed, the purpose of a bill of particulars is not to provide a detailed disclosure of the government's evidence prior to trial, but to fairly inform a defendant of the charges against him so that the defendant may adequately prepare a defense, avoid or minimize surprise at trial, and plead double jeopardy. *Wong Tai v. United States*, 273 U.S. 77, 82-83 (1927); *United States v. Fletcher*, 74 F.3d 49, 53

(4th Cir. 1996); *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969). The government's voluntary disclosure of its discovery file fully satisfies these underlying objectives. *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973).

In this case, a bill of particulars is unnecessary, given the detailed recitation of facts in the speaking Indictment and the extensive discovery, both classified and unclassified, provided to the defense over the course of the previous nine months. The government notes that Section 10 of the Classified Information Protection Act ("CIPA") directs that in any prosecution where the government must prove that certain information "relates to the national defense or constitutes classified information," the government must notify the defense as to which portions of material it expects to rely upon to establish that element of the offense. *See* 18 U.S.C. App. 3 § 10. The government previously did so by identifying eight classified documents, containing national defense information ("NDI"), in its March 1, 2018 *In Camera* and Under Seal Notice of Objections Concerning Use, Relevance and Admissibility of Classified Information Identified in Defendant's CIPA Section 5 Notice and Identification of National Defense Information Pursuant to CIPA Section 10.

Nonetheless, the government hereby provides the defense with the following details regarding the classified NDI upon which it intends to rely upon to establish the NDI element of the offenses charged in Count Two of the Indictment (delivery of defense information to aid a foreign government, in violation of § 794(a)), and Count Three of the Indictment (attempted delivery of defense information to aid a foreign government, in violation of § 794(a).[1] With

---

[1] The government makes no such disclosure with regard to Count One of the Indictment, which charges the Defendant with conspiracy to gather or deliver defense information to aid a foreign government in violation of § 794(c), because the government does not need to prove that certain

regard to Count Two of the Indictment, the government relies upon two classified documents, containing NDI.  The government previously provided both documents in classified discovery.  The first document is the document listed as Document "#1" in the handwritten "table of contents" provided in classified discovery.  *See* Document No. 1, DIA000016;[2] Table of Contents, CIA 000029.  The second document is what was listed as Document "#2" in the handwritten "table of contents" provided in classified discovery.  *See* Document No. 2, DIA0000001-14[3] Table of Contents, CIA 000029.  The government alleges the Defendant passed the first six pages of this document to the individual the Defendant suspected was a Chinese intelligence officer ("IO").  *See* Document No. 2 at DIA000001-06.

With regard to Count Three of the Indictment, the government intends to rely upon a 14-page version of Document No. 2, discussed above.[4]  *See* Document No. 2, DIA0000001-14.  The government further intends to rely upon six additional documents provided to the defense in classified discovery.  These documents were labeled #3 through #8 on the handwritten table of contents.  *See* Document No. 3, CIA 000001-08; Document No. 4, CIA 000014-17; Document No. 5, CIA 000018-24, Document No. 6, CIA 000025-28; Document No. 7, CIA 000011-13; Document No. 8, CIA 00009-10;[5] *see also* Table of Contents, CIA 000029.

---

information "relates to the national defense or constitutes classified information" in order to convict the defendant of that count.  CIPA § 10; *see also* § 794(c) (defining the offense).

[2] Attached to Document No. 1 were two handwritten yellow pages.  The government produced these pages in unclassified discovery. *See* Handwritten Notes, US-00009489-9490.

[3] This Bates range includes the document and its handwritten cover page, which itself contains classified NDI.

[4] The government discovered a third, longer version of this document in the Defendant's TOP SECRET Defense Intelligence Agency ("DIA") email account and provided that version to the defense in classified discovery.  *See* CLASS US-000305-324.

[5] The listed Bates ranges include handwritten cover pages for each document.  The cover pages

In addition to the documents referenced above, during chat conversation with the individual the Defendant described as a Chinese IO, the Defendant relayed certain classified NDI related to the above-noticed documents. This information related to both documents the Defendant passed to the Chinese IO and to documents the Defendant attempted to pass. *See* Classified Chats, CIA 000030-33.

## CONCLUSION

By way of this filing, the government has responded to the Defendant's request for a bill of particulars and complied with its obligations pursuant to CIPA Section 10.

Dated March 27, 2018                                        Respectfully submitted,

Tracy Doherty-McCormick
Acting United States Attorney

By:    /s/ John T. Gibbs
JOHN T. GIBBS
Virginia Bar No. 40380
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981

JENNIFER KENNEDY GELLIE
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
Tel.: (202) 233-0785
Fax: (202) 233-2146
Jennifer.Gellie@usdoj.gov

---

for Documents Numbered 4 through 7 contain classified NDI.

COLLEEN E. GARCIA
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA
Tel.: (703) 299-3700
Fax: (703) 299-3980
Colleen.E.Garcia@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused an electronic copy of the *GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS* to be served via ECF upon counsel for Defendant Kevin Patrick Mallory.

By:      /s/
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981