IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:17-CR-00154 (TSE) |
| ) | |
| KEVIN PATRICK MALLORY, ) | |
| ) | |
| Defendant ) | |

GOVERNMENT'S MOTION TO AMEND INDICTMENT

The government respectfully moves to amend the indictment in this case to correct the statutory citation at the end of Count Four by replacing "1001(a)(1)" with "1001(a)(2)." The government has consulted with the defense regarding this motion, and the defense has advised that it takes no position on the motion, but it is amenable to having the Court rule on the motion without the necessity of filing a response.

The indictment in this case lists four counts. The fourth count charges the defendant with making materially false statements in violation of 18 USC § 1001(a)(2). The statutory citation for 18 USC § 1001(a)(2) is listed correctly in the caption at page one of the indictment. In addition, the charging language of Count Four precisely tracks the statutory language of 1001(a)(2) in alleging that "KEVIN PATRICK MALLORY did knowingly and willfully make materially false, fictitious, and fraudulent statements or representations." However, at the end of Count Four, the wrong citation is listed; specifically, 1001(a)(1) is erroneously cited instead of 1001(a)(2).[1]

---

[1] Section 1001(a)(1) involves instances in which a defendant "falsifies, conceals, or covers up by any trick, scheme or device a material fact." Since the allegation in the indictment is that the

Correcting a typographical error in the citation of a statute does not constitute impermissible amendment because it does not alter the charging terms. *United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993). An indictment will not be defective merely because the wrong tense of a verb is used or because of similar discrepancies in language. The test of an indictment remains whether it states the elements of the offense intended to be charged with sufficient particularity to enable the defendant to prepare his defense and to plead the judgment as a bar to any subsequent prosecution for the same offense. *See United States v. Logwood*, 360 F.2d 905 (7th Cir. 1966). "Convictions are no longer reversed because of minor and technical deficiencies [in the charging papers] which did not prejudice the accused." *Smith v. United States*, 360 U.S. 1, 9, (1959).

"A typographical error in an indictment does not render the indictment invalid if the essential elements of a crime are contained therein." *United States v. Upton*, 856 F. Supp. 727, 739 n.8 (E.D.N.Y. 1994), *aff'd sub nom.*, *United States v. Dragone*, 78 F.3d 65 (2d Cir. 1996). An indictment will not be dismissed due to typographical errors unless a defendant can affirmatively show that some prejudice resulted from the errors. *See United States v. Rich*, 518 F.2d 980, 986 (8th Cir.), *cert. denied*, 427 U.S. 907 (1976). There was no prejudice to the defendant when an indictment misspelled the word "coca" to read "cocoa" in a distribution of cocaine count, *Coppola v. United States*, 217 F.2d 155 (9th Cir. 1954); when it was apparent from the face of the indictment that the use of "1972" rather than "1973" was a typographical error, *United States v. Akers*, 542 F.2d 770 (9th Cir.), *cert. denied*, 430 U.S. 908 (1976); or when

---

defendant made materially false **statements** to two FBI agents on May 24, 2017, section 1001(a)(2) is clearly the most applicable to that conduct.

an indictment omitted the defendant's first name in one count, *United States v. Lerma*, 657 F.2d 786, 789 (5th Cir. 1981), *cert. denied*, 455 U.S. 921 (1982).

Rule 7(c)(2) of the Federal Rules of Criminal Procedure states in pertinent part, "Citation Error.  Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."  Thus, the mis-citation of a statute will not warrant reversal where the language of an indictment makes the charge clear and the defendant can show no prejudice.  *United States v. Fekri*, 650 F.2d 1044 (9th Cir. 1981).  "[There will be] no prejudice . . . when the elements of the two crimes are the same and the defendant was adequately appraised of the charges." *United States v. Hall*, 979 F.2d 320, 323 (3d Cir. 1992).

Here, the defendant is unable to show prejudice.  The indictment listed each false statement with a great deal of specificity in the text of Count Four.  The fact that there was a typographical error at the end of Count Four, listing a "1" instead of a "2" does not alter the charging terms of the indictment.  The defendant was put on notice as to the nature and extent of the charges against him, and the government should be allowed to amend the indictment to include the correct statutory citation.

## CONCLUSION

For the foregoing reasons, the government respectfully seeks leave of the Court to amend the indictment by changing "1001(a)(1)" at the end of Count Four to "1001(a)(2)."

                Respectfully submitted,

                Tracy Doherty-McCormick
                Acting United States Attorney

By:    /s/ John T. Gibbs
                JOHN T. GIBBS
                Virginia Bar No. 40380
                Assistant United States Attorney
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, Virginia 22314
                Phone: 703-299-3700
                Fax: 703-299-3981

                JENNIFER KENNEDY GELLIE
                Trial Attorney
                National Security Division
                United States Department of Justice
                600 E Street N.W. (10th Floor)
                Washington, D.C. 20004
                Tel.: (202) 233-0785
                Fax: (202) 233-2146
                Jennifer.Gellie@usdoj.gov

                COLLEEN E. GARCIA
                Assistant United States Attorney
                United States Attorney's Office
                Eastern District of Virginia
                2100 Jamieson Ave.
                Alexandria, VA
                Tel.: (703) 299-3700
                Fax: (703) 299-3980
                Colleen.E.Garcia@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have caused an electronic copy of the *GOVERNMENT'S MOTION TO AMEND INDICTMENT* to be served via ECF upon counsel for Defendant Kevin Patrick Mallory.

By: _____/s/_____
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981