REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified
Information Security Officer
CISO_____
Date 12 / 15 / 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) No. 1:17-cr-154 (TSE) |
| KEVIN PATRICK MALLORY, | ) |
| Defendant. | ) |

## DEFENDANT'S CIPA § 5 NOTICE

Defendant Kevin Patrick Mallory, through undersigned counsel, respectfully submits his notice under Section 5 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. The Notice lists the classified information that, as of this filing, Mr. Mallory reasonably expects to disclose or cause the disclosure of in connection with the trial of this case.

### I.   Ongoing Efforts to Review Classified Discovery

This Notice reflects defense counsels' best effort to identify and present classified information that has been received and reviewed to date. The government's production of classified information, however, remains ongoing, and the government has advised that additional classified discovery is forthcoming. In addition, several recent productions—including productions received on November 27, 2017 and December 8, 2017—include images of electronic media that require review by an expert with a requisite clearance.[1] Other discovery produced on November 27, 2017, which is pending classification review and has been produced as classified discovery but may ultimately not include classified information (such as several

---

[1] Defense counsel have retained an expert who reportedly has a top secret clearance, but review of the recently-received images of electronic media has not yet occurred. Defense counsel is seeking to schedule such review in early January 2018 once the expert has been read into the requisite security programs at issue.

REDACTED / CLEARED FOR PUBLIC RELEASE

search warrant returns for the contents of email and other media accounts), are not accessible without specialized software. Furthermore, interviews of potential defense witnesses, or the government's disclosures under the Jencks Act/Rule 26.2, may reveal additional matters that would require the defense to identify additional classified information it wishes to use at trial. In addition, this Notice lists various areas of testimony and other evidence the defense intends to present; those disclosures may lead to the disclosure by the government of additional documentary or other evidence corroborating or otherwise relevant to that evidence, as the government complies with its Rule 16 discovery obligations in light of its understanding, from this Notice, of what is "material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E)(i).

In light of all of the above, and particularly defense counsels' ongoing review of voluminous classified discovery produced in electronic format, the defense may identify additional classified information it wishes to present at trial. Should that occur, defense counsel will promptly file a supplemental CIPA § 5 Notice.

II. **Factual Background**

Mr. Mallory is charged in a four-count Indictment with conspiracy to gather or deliver defense information to aid a foreign government (in violation of 18 U.S.C. § 794(c)), delivering defense information to aid a foreign government (in violation of 18 U.S.C. § 794(a)), attempted delivery of defense information to aid a foreign government (in violation of 18 U.S.C. § 794(a)), and material false statements (in violation of 18 U.S.C. § 1001(a)(2)). Trial is scheduled for March 27, 2017.

Mr. Mallory is a former Intelligence Officer and Senior Intelligence Officer with the Defense Intelligence Agency ("DIA"), and a former covert officer and case officer with the Central Intelligence Agency ("CIA"). He also served in the United States military and as a

2

contractor for the CIA, among other positions for the United States government and/or within the defense and intelligence communities. The allegations in the Indictment focus on a period in the winter and spring of 2017, after Mr. Mallory was self-employed as a consultant and no longer employed by the government. Specifically, he is alleged to have taken two trips to the People's Republic of China ("PRC") in and around March and April 2017, and to have met individuals he believed could be affiliated with PRC intelligence services ("PRCIS"). He is also alleged to have communicated electronically with those individuals and to have electronically sent two classified documents to those individuals following his travel to the PRC.

Prior to traveling to the PRC in March 2017, Mr. Mallory contacted an individual he believed to be affiliated with the CIA on or about February 22, 2017. In that communication, Mr. Mallory advised that person of his intended travel and of his concern that the PRC contacts with whom he planned to meet during his travel might be affiliated with intelligence services. He asked in that conversation to be put in touch with appropriate personnel within the CIA to help determine, in the words of the person he contacted, "what was going on."

Mr. Mallory subsequently traveled to the PRC on two occasions. He also continued during that time to attempt to report his activities to the CIA. He never received any information or guidance from the CIA regarding his suspicion that the individuals with whom he was meeting were affiliated with PRCIS. After the second trip, and while a third trip was being planned, the CIA—acting in conjunction with the FBI, unknown to Mr. Mallory at the time—responded to his attempts to contact the agency by inviting him in for an interview on May 12, 2017. At that voluntary and recorded interview, which lasted several hours, Mr. Mallory reported his interactions with the individuals he suspected of affiliation with PRCIS. In that meeting, Mr. Mallory also advised that the PRCIS personnel had given him a smartphone

equipped with software he believed to be designed for covert communication. In that meeting he explained how the covert communication system worked and offered to have the phone examined by the CIA. Prior to Mr. Mallory's disclosure in the May 12 interview, it does not appear that the CIA or FBI were aware of that device, or the fact that it had been provided by the an individual Mr. Mallory suspected of affiliation with PRCIS.

At a subsequent meeting on May 24, 2017—arranged between Mr. Mallory and the CIA, but conducted by FBI personnel—Mr. Mallory again described his contacts with the individuals he suspected of being affiliated with PRCIS. He also brought the smartphone to that meeting, showed the agents how its "covert communication" system worked, and consented to have the FBI copy its contents. A search of the phone revealed a series of text-message communications that, the government contends, establish that Mr. Mallory had in fact delivered classified information to the PRCIS. According to the Indictment, the phone's storage also included encrypted copies of classified documents. A search of Mr. Mallory's home on June 22, 2017 revealed an "SD card" with several classified documents stored on it; the SD card also contained a short hand-written document constituting a table of contents with respect to the classified documents on the SD card. Mr. Mallory was arrested on the same day that his home was searched and never took the third trip to China that was then being planned.

III. Classified Information That May be Disclosed at Trial

The oral and written classified information listed below is potentially admissible and may be disclosed at trial in support of Mr. Mallory's defense. This information is relevant and admissible to show what, if any, national defense information was transmitted to PRCIS by Mr. Mallory and/or whether he acted with the intent or reason to believe that the information was to be used to the injury of the United States or to the advantage of a foreign nation. *United States v.*

4

*Walker*, 796 F.2d 43, 49 (4th Cir. 1986). The information could support a defense, for example, that no national defense information was transmitted, or that some or all of the information transmitted (if any) was not national defense information because "the government has no compelling reason to keep [it] confidential." *United States v. Rosen*, 445 F.Supp.2d 602, 621 (E.D.Va. 2006). It could also support a defense that, given the national defense information that Mr. Mallory had access to but did not disclose or attempt to disclose, any conduct in which Mr. Mallory engaged was reckless rather than intentional or was otherwise done without the requisite *mens rea*.

### A. Documentary Evidence Containing Classified Information

|    | Bates No. | Description |
|----|-----------|-------------|
| 1  | CIA 001-29 | Table of contents and six documents on SD card seized from Mallory home |
| 2  | CIA 30-33 | Text messages received from Samsung smartphone between Mi Young and BEANS |
| 3. | DIA 1-16 | Documents 1 and 2 from SD card seized from Mallory home |
| 4. | 3 CDs; CIA 00105-383 | May 12, 2017 audio/video recording of Mallory interview at CIA and transcript |
| 5. | CIA 66 | Mallory CIA Biographic profile |
| 6. | CIA 74 | Cable dated Nov. 1979 |
| 7. | US 5609-5616 | Photos of U.S. Government Identification Documents and Classified Information Courier Card Issued to Kevin Mallory |
| 8. | CD, Class US 0001-177 | Audio and Transcript of May 24, 2017 Mallory FBI Interview |
| 9. | Class US 000178-180 | Security clearance adjudication |
| 10. | Class US 000210 – 255 | OIG Report regarding disclosure of classified information to US contractor |
| 11. | Class US 000305 – 324 | DIA Operational Concept Brief – Intelligence Collection Opportunities China |
| 12. | Images of Samsung Galaxy Phone and other electronic media; search warrant returns of email/social media accounts | Forensic review pending |
| 13 | US 5767-5783 | Small brown contact book |
| 14 | US 5858-5908 | Collection Book |

| 15 | CIA 00076-77 | Email from Ralph Stevenson dated February 23, 2017 |
|----|--------------|----------------------------------------------------|
| 16 | CIA 00087    | Email from Mike Dorsey dated May 2, 2017           |

B. *Oral Testimony Containing Classified Information*

For convenience, the oral classified information has been categorized by witness; however, more than one witness may have personal knowledge of the same information. If the information is deemed admissible under CIPA, the information should be permitted into evidence through any witness with personal knowledge of the information. Additionally, some information may be brought in through more than one witness.

1) Information related to Defendant Kevin Mallory's history and experience within the intelligence community, including:

i) his career in the intelligence community, including various postings, duties, positions;

ii) his knowledge of PRCIS, including recruitment methods and tradecraft;

iii) training regarding counterintelligence and responding to contacts from a foreign intelligence service;

iv) contacts with Ralph Stevenson regarding efforts to disclose contacts with Chinese nationals suspected of affiliation with PRCIS;

v) the general nature and type of classified information that Mr. Mallory has knowledge of, but is not accused of sharing with PRCIS, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

vi) that DIA revoked his security clearance in 2011 as a result of mishandling classified information, specifically sharing information with a United States intelligence-community contractor about an ongoing United States intelligence-collection program in order to assist the contractor in developing or bidding on such a program to serve the United States intelligence community.

2)   Ralph Stevenson

Ralph Stevenson will testify that on February 22, 2017, while he was employed by the CIA, he was contacted by Mr. Mallory regarding consulting work Mallory might be doing in the near future in the PRC. Mallory reported that he suspected the Chinese nationals he interacted with may be affiliated with a Chinese intelligence service. Mallory sought to contact CIA supervisory personnel in the Directorate of Operations with responsibility for the East Asia region. Mallory reportedly sought more information so he could determine what was going on.

On February 26, 2017, Stevenson met with Mr. Mallory and told him he relayed his request to senior CIA officials with responsibility for the PRC.





## CONCLUSION

Defense counsel requests that the above identified information be deemed admissible pursuant to CIPA.

Respectfully Submitted,

KEVIN PATRICK MALLORY
By Counsel,

Geremy C. Kamens
Virginia Bar No. 41596
Todd M. Richman
Virginia Bar No. 41834
Attorneys for Mr. Mallory
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0848 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2017, I delivered the foregoing pleading to the Classified Information Security Officer (CISO), who will deliver the pleading to opposing counsel and the Court.

Geremy C. Kamens
Virginia Bar No. 41596
Todd M. Richman
Virginia Bar No. 41834
Attorneys for Mr. Mallory
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0848 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org

REDACTED / CLEARED FOR PUBLIC RELEASE