REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with the Classified
Information Security Officer
CISO /s/
Date /5/22/18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-154 (TSE) |
| | ) | |
| KEVIN PATRICK MALLORY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY AND SUPPLEMENTAL CIPA § 5 NOTICE

The government objects to the sufficiency of Mr. Mallory's § 5 Notice with respect to (1) documentary item number 10, an OIG report; and (2) the description of oral testimony regarding Mr. Mallory's history and experience within the intelligence community. Both descriptions comply with CIPA § 5 and Fourth Circuit precedent regarding the sufficiency of § 5 Notices.

I. **Section 5 Requires Only a "Brief Description" of Classified Information, and Does Not Require the Defense to Identify Particular Portions of Documents or Specific Witnesses.**

Relying principally upon *United States v. Collins*, 720 F.2d 1195 (11th Cir. 1983), and *United States v. Badia*, 827 F.2d 1458 (11th Cir. 1987), the government argues that the defense must provide a "particularized description" of the classified information at issue, and thus must (1) identify specific classified portions of the OIG report in the § 5 Notice; and (2) "identify the specific witnesses" who will testify to classified information. The government is wrong.

First, identification of the OIG Report itself is sufficient to comply with § 5. CIPA requires only a "brief description of the classified information at issue," 18 U.S.C. App. III § 5, and the Fourth Circuit has rejected the argument that section 5 requires a defendant to identify particular portions of a classified document rather than the document as a whole. *United States v. Zettl*, 835 F.2d 1059, 1065 (4th Cir. 1987); *see also United States v. Miller*, 874 F.2d 1255,

REDACTED / CLEARED FOR PUBLIC RELEASE

1276 (9th Cir. 1989) (citing *Zettl* and stating "[t]he government knew exactly to which documents [the defendant] was referring, and it knew what information was contained in them"). In *Zettl*, the district court found the defendant's § 5 Notice sufficient even though it listed "several hundred documents" that "the defendants proposed to introduce, as opposed to parts thereof." 835 F.2d at 1064-65. Although the court noted that the notice "could easily have been more precise," it satisfied § 5 because it sufficiently provided "fair notice of what the defendants proposed to introduce at trial." *Id.* at 1065. Moreover, any error arising from the notice was "corrected by the detailed manner in which the district court conducted the § 6(a) hearings." *Id.*

In this case, at present the defendant has identified only sixteen[1] discrete documentary items,[2] not hundreds as in *Zettl*, or thousands as in other cases. *See United States v. Fernandez*, 913 F.2d 148, 151 (4th Cir. 1990) (noting that defendant identified nearly 5000 documents containing classified information). As such, the government cannot credibly claim that it is unable to address the admissibility or inadmissibility of a single 46 page document. Moreover, as in *Zettl*, identification of the OIG report itself is sufficient to comply with § 5.

Second, although the § 5 Notice in fact disclosed the identity of two specific witnesses, the government cites no authority for its claim that the "Defendant must identify the specific witnesses he believes will testify" regarding classified information. Gov't Resp. at 8. Indeed, CIPA contains no such requirement under § 5, as the text requires only that the defendant

---

[1] The government has noted in footnote 2 of its Response that items 7, 13, and 14 do not contain classified material. These items apparently were provisionally classified and provided to the defense for review under the condition that they would be treated as containing classified information, but subsequent review has determined that the items in fact do not contain classified information.

[2] As noted in footnote 1 of Defendant's CIPA § 5 Notice, counsel has retained a forensic expert with a top secret clearance for the purpose of reviewing digital media that contains classified information. Unfortunately, the expert has not yet received permission to review the classified information. When that occurs, counsel anticipate filing a supplemental § 5 Notice.

2

REDACTED / CLEARED FOR PUBLIC RELEASE

"include a brief description of the classified information" at issue, not the witnesses who would present that information. As such, courts have held that "[a]ll [the defendant] is required to do under CIPA is to identify the classified information on which his side intends to rely in the course of its overall presentation, not who will disclose it as a part of any particular testimony." *United States v. Poindexter*, 725 F. Supp. 13, 33 (D.D.C. 1989). In other words, § 5 focuses on the classified information that constitutes part of a defendant's right to present a complete defense "regardless of the witness or the document through which that information is to be revealed." *Id.* CIPA simply does not require the defense to disclose its witnesses in a section 5 filing.

II. **The Section 5 Notice Adequately Identifies Classified Information Related to Mr. Mallory's History and Experience Within the Intelligence Community.**

The first three counts of the indictment require the government to prove that Mr. Mallory intended to harm the United States or aid the People's Republic of China. 18 U.S.C. § 794. Mr. Mallory seeks to introduce classified information related to his history and experience within the intelligence community because it provides essential context for his actions, his state of mind, and his motives in this case. To be clear, detailed descriptions of classified information related to Mr. Mallory's prior employment may not be required in order to satisfy his constitutional right to present a complete defense. Nonetheless, the fact of his employment within various agencies and contractors within the intelligence community, the nature of the work in which he was engaged, and the training he received, provide essential context for his conduct and intent in this case.

As the Fourth Circuit has explained in the context of charges brought against a CIA station chief, "the nature of the charges against him demand that he be able to place his job before the jury in a concrete, palpable context, and that he be able to explain his understanding of

3

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

the world in which he worked." *Fernandez*, 913 F.2d at 164. Likewise, Mr. Mallory's experiences as a CIA case officer, his training in obtaining human intelligence and counterintelligence, his knowledge of classified information that would be extraordinarily valuable to the PRC but that he did not try to share, and his experiences as a contractor for intelligence agencies are directly relevant to, and provide essential context for, his actions and motivations at issue.

In particular, evidence regarding Mr. Mallory's initial employment with the CIA, training as a case officer, and his efforts to obtain human intelligence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and a case officer ▮▮▮▮▮▮ all provided experience in counterintelligence and methods by which to obtain human intelligence. Likewise, his work in human intelligence for the Army and in developing a ▮▮▮▮▮▮▮▮ for the Defense Intelligence Agency provide context and background for his communications with potential Chinese intelligence agents in February and March 2017. Just as in *Fernandez*, the jury cannot understand the context of Mr. Mallory's interactions with potential Chinese intelligence agents unless it understands his knowledge, training, and experiences in seeking to obtain human intelligence ▮▮▮▮▮ and in counterintelligence incident to his employment in the intelligence community.

Similarly, Mr. Mallory's work as a contractor on projects in which he was isolated and worked primarily on his own initiative, such as for the Lincoln Group in Iraq, where he was captured and injured while working alone on an intelligence project, provide important context for understanding how Mr. Mallory acted in this case. Indeed, "[o]nly against such a background could the jury realistically and fairly evaluate" his conduct at issue. *Fernandez*, 913 F.2d at 164.

Finally, the fact that Mr. Mallory worked for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and in supporting ▮▮▮▮▮▮▮▮▮▮

4

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

provides insight into Mr. Mallory's intentions this case. As with other aspects of Mr. Mallory's work within the intelligence community, the fact and nature of Mr. Mallory's work with ▇▇▇ ▇▇▇ constitutes classified information that is admissible on the issue of Mr. Mallory's intent in this case.

## CONCLUSION

Defense counsel requests that the information contained within the § 5 Notice and this Reply and Supplemental Notice be deemed admissible pursuant to CIPA.

Respectfully Submitted,

KEVIN PATRICK MALLORY
By Counsel,

Jeremy C. Kamens
Virginia Bar No. 41596.
Todd M. Richman
Virginia Bar No. 41834
Attorneys for Mr. Mallory
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0848 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

### CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, I delivered the foregoing pleading to the Classified Information Security Officer (CISO), who will deliver the pleading to opposing counsel and the Court.

*/s/ Geremy C. Kamens*
Geremy C. Kamens
Virginia Bar No. 41596
Todd M. Richman
Virginia Bar No. 41834
Attorneys for Mr. Mallory
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0848 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org

REDACTED / CLEARED FOR PUBLIC RELEASE