REDACTED / CLEARED FOR PUBLIC RELEASE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:17-cr-154 (TSE) |
| | ) |
| KEVIN PATRICK MALLORY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Filed with Classified Information Security Officer
CISO
Date

## DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR A PARTICULARIZED 5(a) NOTICE AND SUPPLEMENTAL SECTION 5 NOTICE

In its Motion for a Particularized 5(a) Notice ("Motion") (filed under seal on February 2 2018), the government objects to the sufficiency of Mr. Mallory's CIPA § 5 Notice. As Mr. Mallory has previously demonstrated in his Reply and Supplemental CIPA § 5 Notice (filed January 26, 2018 with the Classified Information Security Officer), and as further set forth below, the information he has provided complies with CIPA § 5 and Fourth Circuit precedent regarding the sufficiency of § 5 Notices. Regardless, the instant Response and Supplemental Notice provides further particularity with respect to certain items Mr. Mallory has previously identified. Because these disclosures are more than sufficient to comply with CIPA, the government's Motion for a more particularized notice should be denied.

The government's Motion takes specific issue with three items of information in defendant's § 5 Notice: i) Documentary Evidence Item 10 (a DIA OIG report); ii) Documentary Evidence Item 12 (electronic evidence); and iii) testimonial evidence. As an initial matter, the government's Motion often conflates the issues before the Court. For example, the government argues that certain entities about which the defense intends to offer evidence do not "appear to be central to the underlying facts of the case." Motion at 7 (discussing evidence regarding the

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Army and the Lincoln Group and noting that the information appears irrelevant because the "Defendant did not pass any classified information pertaining to either entity to his unindicted co-conspirator.") Section 5 of CIPA, however, has nothing to do with relevance or admissibility. It is about identification of information, and requires the defense to provide "a brief description of the classified information" the defendant intends to disclose, or cause the disclosure of, at trial. 18 U.S.C. App. III § 5. CIPA has a separate provision – § 6 – under which the Court "make[s] all determinations concerning the use, relevance, or admissibility of classified information. . . ." 18 U.S.C. App. III § 6(a). Accordingly, the *only* issue before the Court at this stage, and the only issue properly raised in the government's Motion for a more particularized Section 5 Notice, is whether Mr. Mallory has identified the information he intends to disclose at trial, not whether the information will ultimately be deemed relevant or admissible.

In any event, even were the issue of relevance now before the Court, the government fails on that point to address, much less distinguish, the controlling case cited by the defense, *United States v. Fernandez*, 913 F.2d 148, 151 (4th Cir. 1990) (cited in Defendant's Reply and Supplemental § 5 Notice (filed Jan. 26, 2018) at 2-4). In *Fernandez*, the Fourth Circuit held that a jury could not "realistically and fairly evaluate" the defendant's intent with respect to the alleged offense conduct if the defendant were not able to place his intelligence work before the jury "in a concrete, palpable context" that would permit him to "explain his understanding of the world in which he worked." 913 F.2d at 164. That is exactly the purpose of much of the evidence with which the government takes issue, although it does so without responding to or distinguishing *Fernandez*. Accordingly, while relevance and admissibility is not yet before the Court, the arguments the government now puts forward on those points would in any event fail.

Similarly, on the issue that *is* properly before the Court at the CIPA § 5 stage, the government's Motion fails with respect to each of the three items raised.

1. <u>The OIG Report</u>

First, the government contends that Mr. Mallory's identification of a 2010 DIA OIG report (item 10 under "Documentary Evidence" in defendant's CIPA § 5 Notice) is insufficiently specific. The report itself, as the government notes, is 46 pages. A brief review of the report reveals that 18 of those pages contain no classified information whatsoever, based on the paragraph-specific classification markings. Moreover, as the government notes, the report itself has only 12 paragraphs that are marked classified, while various exhibits to the report contain additional classification markings. This is a far cry from the notice provided in *Zettl*, with which the Fourth Circuit ultimately found no error. There, the defense identified "several hundred documents" containing "possibly thousands of items of classified information" without specifying anything within the documents the defense wished to use. *United States v. Zettl*, 835 F.2d 1059, 1064-65 (4th Cir. 1987). Here, the sole document at issue contains only 28 pages which have classified information, and many of those 28 pages contain significant amounts of non-classified information, resulting in far less than 28 pages of information actually at issue.

Moreover, the OIG report and its exhibits all relate to a single specific episode -- an alleged disclosure to a U.S. intelligence-community contractor, by Mr. Mallory, of information about a DIA program he had worked on. The program was subsequently "pitched" by the contractor ▮▮▮▮ resulting in an investigation of Mr. Mallory's allegedly unauthorized disclosure of information about it to the contractor. Because all of the information in the report revolves around that single episode – and the exhibits largely consist of witness interview memoranda relating to the subject of the report – it is nearly impossible to single out paragraph

REDACTED / CLEARED FOR PUBLIC RELEASE

by paragraph the information Mr. Mallory seeks to use, because the same information is repeated throughout. Mr. Mallory intends at trial to cause the disclosure of the fact that he was investigated, what he was investigated for doing, and what the investigation revealed. All of the classified information in the OIG Report and its exhibits relates to those topics. For purposes of CIPA § 5, which requires "a brief description of the classified information" the defense seeks to reveal, that is sufficient. The government has identified no cases holding otherwise.

2. <u>Electronic Evidence</u>

Next, the government contends that the defense has failed to meet its burden of identifying information under CIPA § 5 with respect to electronic evidence produced by the government (which is grouped together in Item 12 under "Documentary Evidence" in defendant's CIPA § 5 Notice). As an initial matter, that category actually includes two distinct types of evidence: i) the fruit of search warrant returns for email and social media accounts; and ii) a review of the seized Samsung Galaxy phone and forensic images of that and other seized electronic media and devices.

With respect to the first category (the results of search warrant returns for social media accounts and email accounts), the defendant has not identified any information within that production that it intends to use and which he believes to be classified. Indeed, with respect to these productions, it is important to note that the defense has not been advised that any particular files or items therein are classified; rather, the discs are marked "pending classification review," and it may be that any information either side wishes to use at trial from these productions is not classified. At this time, the defense has no indication that anything it might seek to use at trial from within these productions is classified.

4

REDACTED / CLEARED FOR PUBLIC RELEASE

With respect to the second category (a physical review of the seized Samsung Galaxy phone and a review of forensic images of that and other seized electronic devices), that is a type of review that can only be done by a qualified forensic expert with an appropriate security clearance. A forensic image of a device is a "bitstream" copy of the electronic data on the device – essentially, a flood of electronic ones and zeros that can contain critical evidence, but which is meaningless to a layperson, or even to a qualified forensic expert without the use of specialized software. In this case, the forensic images were produced on November 27 and December 7, 2017. Shortly thereafter, on December 13, 2017, the defense advised the government of the identity of the expert they had retained, who held the requisite security clearance. In the two months since that time, the defense expert still has not received the requisite approvals from the government to commence any work on the case. Accordingly, the defense continues to be unable, at this time, to identify whether there is any classified information from its forensic review of electronic evidence that it may seek to use at trial. A supplemental CIPA § 5 Notice will be filed, if appropriate, once the defense expert is permitted to do the work he has been retained to perform.

3. <u>Testimonial Evidence</u>

Finally, the government argues that the defendant has failed to sufficiently specify the testimonial evidence he seeks to introduce. With respect to Mr. Mallory's work experience in the United States Intelligence Community ("USIC"), Mr. Mallory has already provided brief descriptions of relevant prior experiences that involve classified information. Nonetheless, to further clarify the information Mr. Mallory seeks to disclose at trial regarding his background in the USIC (see Government's Motion for a Particularized § 5(a) Notice at 5 n. 4), Mr. Mallory hereby supplements his previous disclosures as follows:

i) ▮▮▮▮▮▮▮▮ In this operation, on which Mr. Mallory worked in his capacity as a CIA contractor in approximately 2010-11, Mr. Mallory ▮▮▮▮▮▮▮▮

ii) ▮▮ Mr. Mallory would disclose that he worked in approximately 2011-12, as a CIA contractor, ▮▮▮▮▮▮▮▮

6



*iii) Work at* ▮▮▮▮▮▮ Mr. Mallory would further disclose that when he was first employed as a CIA covert officer, ▮▮▮▮▮▮

In addition to seeking further detail about Mr. Mallory's experience in the USIC, the government asserts that the defense has provided insufficient information about the witnesses through whom he intends to elicit that information. In short, the government is asking for a defense witness list. It has cited no authority that CIPA requires early identification of a witness list, and the defense is aware of none. The government argues that *United States v. Poindexter*, 725 F. Supp. 13 (D.D.C. 1989), is limited to "the context of a defendant being protected from having to disclose if he himself planned to testify," *see* Motion at 6, but neither the reasoning of *Poindexter* nor the language of CIPA upon which *Poindexter* is based are so limited. Rather, *Poindexter* held that the text of CIPA "merely requires a general disclosure as to what classified information the defense expects to use at trial, regardless of the witness or the document through which that information is to be revealed." 725 F.Supp. at 33; *see also United States v. Hitselberger*, 991 F.Supp.2d 91, 98 (D.D.C. 2013) ("CIPA does not mandate that [the defendant] reveal his trial strategy, but only the he identify whatever classified information he plans to

7

use."); *United States v. Lee*, 90 F.Supp. 2d 1324, 1327 (D.N.M. 2000) (citing *Poindexter* for proposition that defense must disclose the information he intends to elicit, not the witness through whom it will be elicited); *United States v. Ivy*, 1993 WL 316215 at *6-7 (E.D.Pa. 1993) (same, citing *Poindexter*). Accordingly, Mr. Mallory has no obligation under CIPA at this stage to disclose the identity of witnesses through whom he intends to elicit classified evidence. Moreover, Mr. Mallory has no reason to believe that the identification of any witness he intends to call at trial, other than those previously identified, would raise any issues with respect to classified evidence. Absent some indication that some aspect of proposed witness testimony, beyond that previously disclosed by Mr. Mallory, would cause the disclosure of classified information, Mr. Mallory has no further CIPA obligation with respect to testimony he intends to elicit through defense witnesses.

REDACTED / CLEARED FOR PUBLIC RELEASE

## CONCLUSION

Because Mr. Mallory has more than complied with his obligation under CIPA § 5 to provide a "brief description of the classified information" he intends to disclose (or cause the disclosure of) at trial, the defense requests that the information contained within the § 5 Notice, his January 26 Supplemental Notice, and the instant Response be deemed admissible pursuant to CIPA.

Respectfully Submitted,

KEVIN PATRICK MALLORY
By Counsel,

/s/
Geremy C. Kamens
Virginia Bar No. 41596
Todd M. Richman
Virginia Bar No. 41834
Attorneys for Mr. Mallory
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0848 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2018, I delivered the foregoing pleading to the Classified Information Security Officer (CISO), who will deliver the pleading to opposing counsel and the Court.

/s/
Geremy C. Kamens
Virginia Bar No. 41596
Todd M. Richman
Virginia Bar No. 41834
Attorneys for Mr. Mallory
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0848 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org