# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **KEVIN PATRICK MALLORY** <br><br> **Defendant** | ) <br> ) <br> )    **CRIMINAL NO. 1:17-CR-00154 (TSE)** <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S RENEWED
## MOTION TO EXCLUDE EXPERT TESTIMONY

COMES NOW the Defendant, Kevin Patrick Mallory, by counsel, and hereby renews his motion to exclude expert testimony from the following proposed government witnesses: i) FBI Analyst James Hamrock (regarding computer forensics); ii) OCA Nancy Morgan, CIA (regarding classification); and iii) OCA Hugh Michael Higgins, DIA (regarding classification).

As the Court is aware, the defense previously moved to exclude the testimony of eight government experts in light of the government's failure to comply with Rule 16 and the agreed Discovery Order by providing, at least 10 business days prior to trial, a "written summary of [expert] testimony the government intends to introduce . . . [which] shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications." *See* Discovery Order, dkt # 51, at 2-3; *see also* Fed. R. Crim. P. 16(a)(1)(G). In essence, the government had disclosed its proposed expert witnesses' qualifications together with topic areas on which it intended to adduce testimony, but not the substance of opinions to which they would testify or the bases and reasons for those opinions. By Order dated May 21, 2018, this Court denied defendant's Motion, but directed the United States to supplement its disclosures as directed at the hearing on May 18. *See* Order, dkt # 135, at 3. It is now less than two business days before trial, and the government

still has not complied with Rule 16, the agreed Discovery Order, or this Court's May 21 Order. For the reasons set forth below, the government's failure, at this late date, to provide the information required by rule and court Order is inexcusable, and – with respect to the three witnesses addressed by this renewed Motion – highly prejudicial to the defense. Accordingly, this Court should preclude the testimony of the three witnesses addressed in this Motion.

## ARGUMENT

As an initial matter, the supplementation directed by the Court at the May 18 hearing was not difficult. The information required by the Rule is merely a "summary." It does not require granular, fact-by-fact details about the witnesses' proposed testimony. Rather, the Rule requires sufficient information to allow the defense to prepare effectively for cross-examination. *United States v. Smith*, 701 F.3d 1002, 1007 (4th Cir. 2012) ("As the rule's Advisory Committee Notes explain, Rule 16(a)(1)(G) 'is intended to minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'") (citing 1993 Advisory Committee Notes). The level of information required by the Rule was therefore almost certainly already known to government counsel, through preparation of its witnesses, at the time that the original, minimal disclosures were provided.

Here, contrary to the government's assertions at the May 18 hearing, the lack of appropriate disclosures is not a mere formality. Rather, there is substantial information, critical to the very heart of the case, that the defense still does not know. For example, a critical allegation is that the Samsung phone at the heart of the case allegedly had four classified documents stored on it when Mr. Mallory voluntarily gave it to the government to be searched on May 24, 2017. *See* Indictment ¶ 26. Mr. Mallory's own forensic expert, using highly-specialized forensic software, was unable

to find those documents on the forensic image of the phone, and learned of their alleged location only through a page in discovery which lists a "file path" location for the documents in the phone's file directory – from the discovery documents the government identified at the May 18 hearing as explaining its forensic examiner's opinions, bases and reasons.  Using that information, Mr. Mallory's own expert is able to navigate to those file locations, but – using all the technology available to him in the defense SCIF, which may well be less than is available to the FBI – is unable to view anything meaningful in those locations.  Rather, the files appear even to advanced forensic software to be unreadable audio files with no meaningful content.  Obviously, the government's assertion that these are in fact encrypted copies of classified documents is based on some methodology – in other words, the government's expert presumably has some "bases and reasons" for describing those file paths as the locations of classified documents.  But based on the information thus far disclosed by the government, defense counsel has no idea what that methodology is, whether it might be subject to a legal challenge under *Daubert*, or whether there might be factual issues as to what was found and where.  Receiving that information at this point, when defense counsel has no meaningful opportunity to review it in the defense SCIF with its forensic expert before trial, is too late to make meaningful use of any disclosure the government may make.[1]

Similarly, the defense has been provided only the most basic information about the two government classification experts – essentially that they will testify that the documents at issue in this case are currently and properly classified (and were so at the time of the events in this case),

---

[1]   While defense counsel has access to the defense SCIF during non-business hours, the defense expert does not.  Accordingly, even if the disclosure were made contemporaneous with this filing, the defense expert would have insufficient time before trial to review the disclosure and work with defense counsel to understand any legal or factual issues that may arise from it.

3

and that their disclosure could cause damage to national security. The defense, however, has no idea what facts within the documents in question are allegedly classified. On that note, it bears stating that Executive Order 13526, which governs classification, requires portion-by-portion markings denoting the level of classification of each part (thus allowing a reader to know which part of a document is classified), as well as an immediately-apparent notation stating the "concise reason for classification." *See* Executive Order 13526 (Dec. 29, 2009) at §§ 1.6(a)(5), 1.6(c). The documents at issue in this case generally do not comply with either of these rules, meaning that – as of two business days before trial – defense counsel still has no way of knowing what about the documents' disclosure would, according to the government, harm national security. To the extent the defense has been able to understand the principal reasons for classification based on statements of government counsel, those reasons appear to have no legal or factual basis, for reasons set forth in more detail in defendant's Motion to Reconsider Use of Silent Witness Rule With Respect to Certain Documents and Information (dkt # 149) (filed provisionally as a classified document on May 23, 2018).

In these circumstances, the exclusion of expert testimony is an appropriate remedy. That is particularly appropriate where, as here, the Court has already imposed an alternative remedy and the defense still lacks the requisite information within two business days of trial. In *United States v. Barile*, for example, the Fourth Circuit affirmed the district court's exclusion of expert testimony in a criminal case for failure to comply with Rule 16 disclosure obligations. *United States v. Barile*, 286 F.3d 749 (4th Cir. 2002). There, the opinion itself was substantively disclosed, but the bases and reasons were not, and the Fourth Circuit affirmed the "exclusion of this portion of [the expert's] testimony"—specifically, the testimony about the opinion disclosed—as a result. 286 F.3d at 758; *see also United States v. Day*, 524 F.3d 1361, 1371-72 (D.C. Cir.

4

2008) (affirming exclusion of expert testimony because Rule 16 notice "failed to state what [the expert] had concluded from any individual test result, interview, or expert report. . . . [making it] virtually impossible . . . to engage in meaningful cross-examination at the *Daubert* hearing"); *United States v. Hoffecker*, 530 F.3d 137, 186-87 (3d Cir. 2008) (affirming exclusion of expert testimony in part because Rule 16 notice "'[c]onspicuously omitted . . . the opinions and basis and reasons for the opinions of [the] three proposed experts. Merely the subjects of what they may discuss [was] offered.'").

## CONCLUSION

For all the foregoing reasons, defendant Kevin Patrick Mallory hereby moves this Court, pursuant to Fed. R. Crim. P. 16, for an order excluding expert testimony from the following witnesses: i) FBI Analyst James Hamrock; ii) OCA Nancy Morgan, CIA; and iii) OCA Hugh Michael Higgins, DIA.

Respectfully submitted,

Kevin Patrick Mallory

By Counsel,

Geremy C. Kamens, Esq.
Federal Public Defender

_____/s/_____
Geremy C. Kamens, Esq.
Va. Bar No. 41596
Todd M. Richman, Esq.
Va Bar No. 41834
Counsel for Mr. Mallory
Office of the Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA  22314
Telephone:   703-600-0848
Facsimile:   703-600-0880
Geremy_Kamens@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

>Jennifer Gellie, Esq.
>Colleen E. Garcia, Esq.
>John Gibbs, Esq.
>Assistant United States Attorneys
>United States Attorney's Office
>2100 Jamieson Avenue
>Alexandria, Virginia 22314

>        /s/
>Geremy C. Kamens, Esq.
>Va. Bar No. 41596
>Counsel for Mr. Mallory
>Office of the Federal Public Defender
>Eastern District of Virginia
>1650 King Street, Suite 500
>Alexandria, VA  22314
>Telephone:  703-600-0848
>Facsimile:  703-600-0880
>Geremy_Kamens@fd.org