**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) Case No. 1:17-CR-00154 (TSE) |
| | ) |
| **KEVIN PATRICK MALLORY** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

**DEFENDANT KEVIN MALLORY'S MEMORANDUM REGARDING THE
ADMISSIBILITY OF CERTAIN EMAILS**

Defendant Kevin Patrick Mallory, by undersigned counsel, hereby submits this Memorandum with respect to the admissibility of certain emails obtained from accounts associated with Michael Yang. In support, the defense states as follows:

During the trial in the matter, the defense sought to introduce certain emails involving Michael Yang, the individual alleged to have solicited classified information from Kevin Mallory. The emails contain discussions regarding research projects solicited by the person associated with two Michael Yang email accounts. For example, defendant's proposed Exhibit 5-15 is an email dated December 31, 2015, to "Myers Yang" that attaches a "report on Korean views on TPP negotiation implications and issues." Similarly, proposed Exhibit 5-6 is an email dated March 15, 2017, to "Michael.yangkai" stating that the sender "wanted to resubmit to you the outline for the article" on potential international reactions to Chinese economic expansion in Eurasia. Defendant's proposed 5-2 is an email from "Michael Yang" to a recipient soliciting research on relationships between Islamic institutions and Chinese students. And defendant's proposed 5-4 is an email chain between "Michael Yangkai" and the same person regarding "remuneration for our

last project," and arrangements for that payment. These emails are authenticated by the inclusion of two specific email addresses associated with Michael Yang, and by means of Federal Rule of Evidence 901(b)(4). *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 546 (D. Md. 2007) (discussing authentication of emails through distinctive characteristics, including particular email addresses and headers associated with email accounts).

    Defendant sought to admit these and similar exhibits for the purpose of showing the nature of Michael Yang's solicitations for research. Such evidence tends to corroborate statements made by the defendant regarding Michael Yang's solicitations to him that the government has introduced in its case in chief. The government, through the testimony of the case agent, has alleged that these statements were false by arguing that the relationship between Mr. Mallory and Michael Yang was based on an agreement from the very beginning to exchange money for classified information. The fact that Michael Yang's general practices include soliciting and offering payment for what appear to be public-source research papers on topics akin to those discussed by Mr. Mallory with the CIA and FBI directly undercuts the testimony of the case agent that the communications between Mr. Mallory and Michael Yang suggest from the very beginning that there was an agreement to provide classified information for money. Accordingly, the Court should permit the defendant to introduce these and similar emails for a purpose other than the truth of any assertion contained within the emails.

    Hearsay is defined as a "statement" that a party "offers to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(b)(2). The rule also defines "statement" to mean an "assertion." Fed. R. Evid. 801(a). Offers or solicitations generally do not constitute assertive speech, and thus fall outside the definition of hearsay. *See, e.g.*, *United States v. Wright*, 343 F.3d 849, 865 (6th Cir.2003) ("[A] question is typically not hearsay because it does not assert the truth

or falsity of a fact."); *United States v. Sinclair*, 301 F. App'x 251, 253 (4th Cir. 2008) ("A question or inquiry is not a statement, and therefore is not hearsay unless it can be construed as an intended assertion.").

Moreover, statements offered for the fact that they are said rather than for the truth of any assertions contained within the statements themselves are not hearsay. *See Anderson v. United States*, 417 U.S. 211, 221 n.8 (1974) ("evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement"). In *United States v. Safavian*, 435 F. Supp 2d 36, 44 (D.D.C. 2006), for example, emails regarding Jack Abramoff's lobbying business were admitted for the non-hearsay purpose of illustrating the nature of Abramoff's work. The court explained that "the truth of the e-mail's content---discussions of Jack Abramoff's dealing as a lobbyist---are unimportant." *Id.* "It is the fact of these discussions rather than the contents (or the truth or accuracy thereof)" that made the emails admissible. *Id.* Likewise, emails in *United States v. Siddiqui*, 235 F.3d 1318, 1323 (11th Cir. 2000), were admitted as non-hearsay to show the correspondents' "relationship and custom of communicating by e-mail," rather than the details of the emails themselves.

In this case, the defendant's proposed exhibits are not offered for the truth of any assertive details contained within the communications themselves. What is relevant is that the Michael Yang email accounts were used to solicit research projects and offer payment, because that fact tends to support and corroborate the statements the government introduced by Mr. Mallory that he was offered funds in return for providing information on a variety of research topics. The emails also call into question the inference drawn by the case agent that the evidence suggests that Mr. Yang offered money for classified information from the beginning. If the defense cannot offer the emails for the non-hearsay purpose of demonstrating what was said, the defense will lack important

and admissible evidence to support the contrary inference. The fact that Mr. Mallory himself has the opportunity to testify regarding the nature of Mr. Yang's solicitations is not a reason to exclude independent evidence that "corroborate[s] [defendant's] statements to law enforcement officials, thereby helping to diminish the effect of their self-serving nature." *United States v. Ibisevic*, 675 F.3d 342, 351 (4th Cir. 2012) (quoting *United States v. Kohan*, 806 F.2d 18, 22 (2d Cir. 1986)). Accordingly, the emails are admissible because of the "fact of the[] discussions" themselves, *Safavian*, 435 F. Supp.2d at 44, not the truth of their contents. As such, we renew our request for the admission of these proposed exhibits or a subset thereof.

Respectfully submitted,
Kevin Patrick Mallory By Counsel,

Geremy C. Kamens, Esq.
Federal Public Defender

      /s/
Geremy C. Kamens, Esq.
Va. Bar No. 41596
Counsel for Mr. Mallory
Federal Public Defender Office
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA  22314
Telephone:   703-600-0828
Facsimile:   703-600-0880
Geremy_Kamens@fd.org

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 3, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

      Colleen E. Garcia
      John Gibbs
      Assistant United States Attorneys
      United States Attorney's Office
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      Telephone: (703) 299-3700
      Facsimile: (703) 299-3980
      John.Gibbs@usdoj.gov
      Collen.E.Garcia@usdoj.gov

      /s/
      Geremy C. Kamens, Esq.
      Va. Bar No. 41596
      Counsel for Mr. Mallory
      Federal Public Defender Office
      Eastern District of Virginia
      1650 King Street, Suite 500
      Alexandria, VA  22314
      Telephone:  703-600-0828
      Facsimile:   703-600-0880
      Geremy_Kamens@fd.org