# EXHIBIT B

5

1  THE COURT: Well, but you know first of all that that
2  commentary to the guideline about the threat assessment, it
3  simply says that if the Court finds that there's, you know,
4  minimal or no real damage or threat of damage to the national
5  security or the other factors, the Court has then the
6  discretion and should consider whether a downward departure is
7  appropriate. It's still totally discretionary with the Court.
8  MR. HUNDLEY: Of course, Your Honor.
9  THE COURT: Ultimately, the Court's job is to decide
10 whether or not -- what is an appropriate sentence. I mean, in
11 the post-*Gall* era, you know, the final decision of the Court is
12 what is the right sentence given a person's background, given
13 all the facts of the case, given the person's role in the
14 offense, etc.
15 I understand your position. As you know, the
16 six-point departure or the six-point downward adjustment that I
17 used in *Bergesen* was opposed by the government, they were not
18 in favor of that, but I felt in his case it was appropriate. I
19 do not find it is appropriate in your client's case because I
20 think, you know, your client is at a completely different level
21 in this overall offense.
22 And for the same reason, your objection about the
23 two-point increase for role in the offense is also overruled.
24 There is no question in my mind that Ms. Kang would never have
25 been involved in this case but for your client, that she

6

1  clearly was at his direction and control, was not an
2  independent actor, and quite frankly, Bergersen would not be in
3  his -- the position he's in, either, were it not for your
4  client.
5       So I think the guidelines as developed in the
6  pre-sentence report are appropriate for this case, and I will
7  be using those guidelines as the, you know, the guideline
8  factor in this case will be that range of 188 to 235 months,
9  and obviously, in the post-*Gall* era, we can hear any argument
10 you want to make under 3553.
11      MR. HUNDLEY:  Yes, Your Honor.  Would you like me to
12 proceed first, or do you want to hear from the government
13 first?
14      THE COURT:  We'll let the government go first.
15      MR. HUNDLEY:  Thank you.
16      THE COURT:  Mr. Zebley?
17      MR. ZEBLEY:  Your Honor's ruling abbreviated my
18 argument substantially, and I'll skip right to the 3553
19 factors, Your Honor.  Clearly, the most significant 3553 factor
20 in this case is the seriousness of the offense.  It doesn't
21 really require much elaboration.  Quite simply, the defendant
22 has been convicted of espionage, which is one of the most
23 serious offenses set forth in the United States Code.
24      The defendant knowingly transmitted classified
25 national defense information to a foreign government.  That's