**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:17-CR-00154 (TSE) |
| ) | |
| KEVIN PATRICK MALLORY, ) | |
| ) | |
| Defendant ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND SUPPLEMENTAL
MEMORANDUM IN AID OF SENTENCING**

COMES NOW the United States and submits this brief in response to Defendant Kevin Patrick Mallory's Second Supplemental Memorandum in Aid of Sentencing ("Def. 2d Supp. Memo"). In his most recent filing, Defendant directs the Court's attention to the recent plea agreement in *United States v. Hansen*, 1:18-CR-00057-DB. [Dkt. 250] While the government finds very little to agree with in defense counsel's characterization of the *Hansen* case, it does agree with the defense's understatement that "there are distinctions between" that case and the one at bar. *See* Def. 2d Supp. Memo at 1. While both Hansen and Defendant are former Defense Intelligence Agency ("DIA") employees, both of whom found themselves embroiled with suspected intelligence officers from the People's Republic of China Intelligence Service ("PRCIS"), the cases are dissimilar in almost every other aspect.

**1. Defendant Has Never Accepted Responsibility for his Crimes**

Ron Hansen was charged with attempted passage of national defense information ("NDI"), in violation of 18 U.S.C. § 794; acting as an agent of a foreign government in the United States without prior notification to the Attorney General, in violation of 18 U.S.C. § 951; violations of export control laws; and certain other crimes ancillary to those charges. *See Hansen* Indictment

1

(Ex. 1). The first, and most crucial, difference between Hansen and Defendant is that Hansen accepted responsibility for his actions—and did so without delay—in the form of pleading guilty to attempted passage of NDI. The plea the government entered into with Hansen reflects this acceptance of responsibility. Because of Hansen's prior work for the United States intelligence community ("USIC") and the nature of espionage cases, the government expected to brief and argue issues related to classified information during Classified Information Procedures Act ("CIPA") litigation. Hansen's timely plea saved the government significant resources and avoided exposure of classified information at trial.[1] It is only with this early acceptance of responsibility and avoidance of the risk of disclosure of classified information that the government agreed to a 180-month sentence,[2] which is still 60 months (five years) longer than that proposed by defense counsel in the instant case. *See* Def. 2d Supp. Memo at 2 (asking the Court impose no longer than 120 months' imprisonment).

Conversely, to this day, Defendant has yet to accept any responsibility whatsoever for his actions. Defendant pushed the case against him through time-consuming CIPA litigation to a public trial. Because Defendant did not accept responsibility pre-trial,[3] the government had to disseminate sensitive national information to lay jurors in order to meet its burden at trial. Additionally, officials from multiple government agencies took time away from their duties in support of the national security to appear at trial in this matter.

---

[1] The only CIPA filing in the Hansen case was the government's *ex parte* filing pursuant to CIPA Section 4.

[2] Hansen has not yet been sentenced, and will not be until September 2019.

[3] To be clear, the government is not arguing that Defendant should be punished for exercising his right to go to trial. To the contrary, Defendant had an absolute right to a jury trial in this case, he chose to assert that right, and he was afforded a full and fair trial. But having exercised that right, Defendant cannot now claim that his case should be viewed in the same light as someone like Hansen, who accepted responsibility early.

## 2. Defendant Successfully Passed Classified Information to the Chinese Intelligence Officers

The second difference involves the compromise of what happened with the classified information in each case. The government did not allege that Hansen successfully passed NDI to the PRCIS. As reflected in the Indictment and plea agreement, the charged violation of 18 U.S.C. § 951 was not based on Hansen's passage of classified information. *See, e.g.*, *Hansen* Indictment ¶¶ 8, 32-34, 37, 40-43 (Hansen attended conferences pursuant to PRCIS taskings and provided non-public information provided at those conferences) (Ex. 1); *Hansen* Plea at 4 (Ex. A to Def. 2d Supp. Memo [Dkt. 250]) (information passed included that "gathered at various industry conferences").

The classified information at issue in *Hansen* was SECRET information that a cooperating, confidential human source ("CHS") provided to Hansen as part of a law enforcement operation in which the classified material was kept in a controlled setting and both the CHS and Hansen were under close surveillance by the FBI. Because Hansen was dealing with a CHS as part of a covert law enforcement operation, there was minimal risk the classified information would be provided to unauthorized persons. And it never did.

In this case, however, there is no doubt that, as part of his conspiracy with a Chinese intelligence officer to commit espionage, Defendant did pass classified information to the PRCIS. The substance of Defendant's communications with Michael Yang, a PRCIS intelligence officer, confirms as much. *See, e.g.*, GX 8-6, Row 17 (conversation regarding transmitted document "no1"). The log files on the covert communications ("covcom") device Defendant used to message Yang similarly confirm that, at a minimum, Defendant successfully passed to Yang a classified table of contents and a white paper classified at the SECRET level. GX 8-21 (covcom log files).

## 3. Defendant Attempted to Pass TOP SECRET Information as Part of this Conspiracy

Further, in comparing the *Hansen* case to Defendant's, Defendant wholly ignores the difference in the classification of the information at issue and the resulting consequences for sentencing. As noted, the material underlying the offense of conviction in *Hansen* involved information classified at the SECRET level that was never passed to a foreign government. Here, conversely—in addition to the SECRET information Defendant successfully passed to the PRCIS—Defendant completed all of the necessary steps to transmit additional information classified at the SECRET *and* TOP SECRET levels from Defendant's WeChat account to Yang's WeChat account. *See* GX 8-21; Testimony of James Hamrock, May 31, 2017 ("Hamrock Tr."), at 359-372. In fact, Defendant hit send four separate times for one document, Document No. 4, classified at the TOP SECRET level. Hamrock Tr. at 381:5-8. Information may only be classified as TOP SECRET if its unauthorized disclosure "reasonably could be expected to cause *exceptionally grave damage* to the national security." Executive Order 13526 § 1.2(a)(1) (emphasis added). Indeed, Central Intelligence Agency ("CIA") Original Classification Authority ("OCA") Nancy Morgan testified that this document was particularly sensitive because it dealt with human sources who "could be at risk of harm" should the information be disclosed to an adversary of the United States. Morgan Tr. at 801:3-6 (Ex. 2).[4]

The sentencing guidelines appropriately take into account the difference in damage that can result from passage of information classified at the SECRET and TOP SECRET levels; TOP SECRET information results in a base offense level of 42, whereas SECRET information results in 37. *See* U.S.S.G. § 2M3.1. As a result, the agreed-upon sentence of 180 months for Hansen is

---

[4] Defendant's conduct was particularly egregious because he himself had been responsible for these human assets during his time at DIA, and he elected to swap this information regarding his former assets for money *after* learning that those former assets had pending travel to the PRC. GX 8-21; GX 3-26; *see also* Testimony of Robert Ambrose, June 5, 2017, at 862:15-17.

4

at the *high end* of the 151-188 month range following his acceptance of responsibility. On the other hand, as further described below, Defendant's guideline range is life imprisonment.

**4. Defendant Abused His Position of Trust and Obstructed Justice**

Unlike Defendant, Hansen was not charged with attempting to provide information he had access to during his time as a clearance holder between 2002 and 2011. *See Hansen* Indictment ¶ 17 (Ex. 1) (Hansen last held a security clearance in 2011). Rather, Hansen attempted to cultivate a connection to a *current* security clearance holder to obtain information that might be of value to the Chinese. Since Hansen was not seeking to pass classified information he had as a result of his prior security clearance, the government did not seek an enhancement for abuse of a position of trust. Hansen was also not charged with false statements made to investigating Federal Bureau of Investigation ("FBI") agents and the government did not advocate for a corresponding obstruction of justice enhancement.

Here, Defendant qualifies for both enhancements as the government noted in its position on sentencing. *See* Government's Position on Sentencing, Sept. 14, 2018 ("Gov't Position Memo"), at 3-5, and 9-15 [Dkt. 211]. Because Defendant conspired to pass TOP SECRET information taken during his time as an active clearance holder, thereby abusing his position of trust, and obstructed justice to do so, his Guidelines calculation is life in prison.

CONCLUSION

For the foregoing reasons, there is simply no comparison between Defendant's conduct and that of Hansen, who accepted responsibility early and attempted to pass SECRET, not TOP SECRET information. As further described in the Government's prior sentencing submissions, the sentence calculated pursuant to the United States Sentencing Commission's Guidelines— namely, lifetime imprisonment—is the appropriate sentence in this case.

Dated April 2, 2019	Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:   /s/ Jennifer K. Gellie
JENNIFER KENNEDY GELLIE
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530
Tel.: (202) 233-0785
Fax: (202) 233-2146
Jennifer.Gellie@usdoj.gov

JOHN T. GIBBS
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
John.Gibbs@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have caused an electronic copy of the *GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING* to be served via ECF upon counsel for Defendant Kevin Patrick Mallory.

By: _____/s/_____
John T. Gibbs
Virginia Bar No. 40380
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981