**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.  )<br>)<br>**KEVIN PATRICK MALLORY** )<br>)<br>**Defendant** )<br>) | **CRIMINAL NO. 1:17-CR-00154 (TSE)** |

**MEMORANDUM OF AUTHORITY REGARDING CONDITIONS OF DETENTION**

At the May 17, 2019 sentencing hearing in this matter, counsel for the Defendant moved for the Court to lift the prohibition on Mr. Mallory using Mandarin Chinese to speak with his wife, whose first language is Mandarin, while he is detained. The Court instructed the defense to present authority on the request by May 24, 2019.

The prohibition on Mr. Mallory's use of Mandarin to speak with his wife is unreasonable. That is particularly true now that he has been sentenced and is being sent to the Bureau of Prisons to serve the remainder of his term of incarceration. He has been subject to the language restriction for the nearly two years that he has been in custody awaiting trial and sentencing, and during that time he and his wife have been prohibited from communicating in the only language in which she is fluent (she speaks English, but is unable to express herself as clearly in English as in her native language). Moreover, Mr. Mallory left the intelligence community nearly a decade ago, and there has been no suggestion either that he possesses any contemporary information or that his wife had any involvement in the offense conduct. Nor would she have any motivation to engage in such conduct now – particularly in light of the 20 year sentence already imposed on Mr. Mallory. And finally, even with the restrictions lifted, the Mallorys' conversations would nonetheless be

recorded and subject to review by the government – which would expose both Mr. Mallory and his wife to substantial consequences were he to discuss any classified information he still knows.

Accordingly, any risk presented by permitting Mr. Mallory and his wife to communicate in Mandarin while incarcerated is *de minimis*, and the language restriction should be lifted. Convicted prisoners retain "the right to communicate with others beyond the prison walls." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 213 (4th Cir. 2017). That right includes the right to "communicate effectively" through the available means of communication. *Id.* at 214. For Mr. Mallory, communicating effectively with his wife means being able to communicate with her in her first language, Mandarin. It is true that Mr. Mallory's right to communicate with his wife while detained is not unlimited, and is "subject to rational limitations in the face of legitimate security interests of the penal institution." *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir.1986). For the reasons set forth above, however, the limitation on Mr. Mallory's use of Mandarin to speak with his wife is not rational.

While issues relating to conditions of confinement often arise in civil litigation following a criminal case, Mr. Mallory's request is properly before the Court. It is true that under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. A. § 1997e(a). This request, however, is not such an action. *United States v. Hashmi,* 621 F. Supp. 2d 76, 84 (S.D.N.Y. 2008) (court had jurisdiction to hear defendant's challenge to constitutionality of special administrative measures imposing conditions on his detention because motion made as part of underlying criminal and not a separate action); *but see United States v. Ali*, 396 F. Supp. 2d 703, 705 (E.D. Va. 2005) (GBL) (denying motion challenging special administrative measures because defendant had not exhausted administrative remedies).

Because the prohibition on Mr. Mallory's communication with his wife is not justified by a rational government interest and infringes on his right to effectively communicate with his wife, this Court should order that the prohibition be lifted.

        Respectfully submitted,
        Kevin Patrick Mallory

        By Counsel,

        Geremy C. Kamens
        Federal Public Defender

        _____/s/_____
        Geremy C. Kamens
        Va. Bar No. 41596
        Todd M. Richman
        Va. Bar. No. 41834
        Counsel for Mr. Mallory
        Office of the Federal Public Defender
        1650 King Street, Suite 500
        Alexandria, VA  22314
        Telephone:   703-600-0848
        Facsimile:   703-600-0880
        Geremy_Kamens@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

>Jennifer Gellie, Esq.
>Colleen E. Garcia, Esq.
>John Gibbs, Esq.
>Assistant United States Attorneys
>United States Attorney's Office
>2100 Jamieson Avenue
>Alexandria, Virginia 22314

>/s/
>Todd M. Richman
>Va. Bar No. 41834
>Counsel for Mr. Mallory
>Office of the Federal Public Defender
>1650 King Street, Suite 500
>Alexandria, VA 22314
>Telephone: 703-600-0845
>Facsimile: 703-600-0880
>Todd_Richman@fd.org

4