IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:17-cr-154 |
| KEVIN PATRICK MALLORY, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

At issue in post-sentencing in this espionage prosecution is defendant's objection to the Attorney General's issuance of a Special Administrative Measure ("SAM") promulgated to safeguard and prevent defendant's disclosure of classified information. Following a nine-day trial, Defendant Kevin Patrick Mallory was convicted by a jury of: (i) Count 1 - conspiracy to gather or deliver defense information to aid a foreign government; (ii) Count 2 - delivery defense information to aid a foreign government; (3) Count 3 - attempting delivery of defense information to aid a foreign government; and (4) Count 4 - material false statements. Counts 2 and 3 were later dismissed on defendant's motion. On May 17, 2019, defendant was sentenced to 240 months on Count 1 and 60 months on Count 4, the terms to run concurrently with each other.

The Attorney General has the plenary authority over the federal prison system and has specifically delegated this authority to the Bureau of Prisons. *See e.g.*, 18 U.S.C. §§ 3621, 4401(b). Pursuant to 28 C.F.R. § 501.2, upon the direction of the Attorney General, the Bureau of Prisons may impose SAMs on inmates to prevent, for example, disclosure of classified information. In the circumstances of this case, the Bureau of Prisons has issued a SAM specific to this defendant.

Nor is there any doubt that some specific measure is appropriate for this defendant. It

appears that defendant, following his arrest, called his wife and attempted to direct family members to certain alleged classified information concealed in his home. This conversation occurred largely in Mandarin Chinese to prevent the Bureau of Prisons from discovering this communication. This event led to the imposition of a specific SAM applicable to defendant. The SAM at issue here specifically states as follows:

> All telephone calls shall be in English unless a fluent USMS/BOP/DF- or FBI – approved interpreter/translator is available to contemporaneously monitor the telephone call. Arranging for an interpreter/translator may require at least fourteen (14) days advance notice.

Defendant challenges this SAM, noting that the prohibition is unreasonable and unnecessary given that all of defendant's conversations would be recorded and subject to review by the government at some point. Defendant further points out that, if a subsequent review of defendant's telephone conversations in Mandarin revealed that defendant was discussing classified information, the government would eventually learn of it and take appropriate action. The flaw in this argument is the time lapse that would occur while the government translated defendant's conversations from Mandarin into English. In the government's view, such a time lapse could result in damage to national security. It is for this reason that the government has imposed the specific SAM at issue here.

It is well and sensibly established that prisoners should be able to communicate with their family members, "subject to rational limitations in the face of legitimate security interests of the penal institution." *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986). In *Strandberg*, the Ninth Circuit recognized that prisoners have a right to telephone access, but held that the failure to permit a telephone call within the first thirty minutes that a prisoner was detained was not unreasonable. *See id.* Defendant argues that the limitation in the SAM here is not rational or reasonable. The government disagrees. It appears that the crux of the disagreement may be the

amount of notice that the government requires before defendant may communicate in Mandarin.

It may be possible to accommodate the defendant's interest in using Mandarin to communicate with his wife and the government's need to monitor such conversations. But this motion is not the appropriate means of bridging this disagreement. It appears that defendant has not exhausted his administrative remedies in this regard. The SAMs regulation specifically provides a remedy that aggrieved prisoners may seek, including review of any restrictions imposed by a SAM. *See* 28 C.F.R. § 501.2(d) ("The affected inmate may seek review of any special restrictions imposed in accordance with paragraph (a) of this section through the Administrative Remedy Program, 28 CFR part 542."). As noted, defendant has not exhausted these administrative remedies, as he must. *See United States v. Abu Ali*, 528 F.3d 210, 244 (4th Cir. 2008) ("The defendant must exhaust his administrative remedies before challenging the SAMs in federal court."); *see also United States v. Cureton*, 719 F. App'x 190, 194 (4th Cir. 2018) (holding that there was no jurisdiction to entertain a challenge to the SAMs where the defendant had not exhausted his administrative remedies); *Yousef v. Reno*, 254 F.3d 1214, 1222-23 (10th Cir. 2001) (holding that the defendant "was required to exhaust all of his administrative remedies" before his challenge to the SAMs could be considered). Additionally, once defendant exhausts his administrative remedies, the proper means by which to challenge his post-conviction conditions of incarceration is through a civil action pursuant § 1983. *See Martinez v. Brooks*, No. 03-cv-1021, 2004 WL 3214416, at *3 (E.D.Va. July 26, 2004) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)).

In sum, defendant must first exhaust his remedies in his challenge to the SAM at issue here. *See Abu Ali*, 528 F.3d at 244. Although some courts have agreed to hear constitutional challenges to SAMs imposing conditions on defendants without exhaustion, those cases seem to involve

facially unjust and unnecessary restrictions; that is not the case here, as there is no manifestly unconstitutional deficiency or infirmity in the SAM issued for defendant. Defendant is not by any means precluded from communicating with his wife, nor is language a barrier since she speaks English. Understandably she is more comfortable in Mandarin, since it is her first language and she may use it to communicate with defendant, provided defendant complies with the SAM's notice requirement.

Accordingly, for the reasons stated,

It is hereby **ORDERED** that Defendant's motion regarding conditions of detention (Dkt. 270) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
September 6, 2019

/s/
_____
T. S. Ellis, III
United States District Judge